## Frank E. Reda, Defendant in Error, v. G. H. Hammond Company, Plaintiff in Error.

### Gen. No. 19,622.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Action by Frank E. Reda against G. H. Hammond

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Company to recover damages to plaintiff's touring car caused by colliding with defendant's auto truck at a street intersection. A jury awarded the plaintiff $325 damages, and to reverse a judgment entered on the verdict, defendant prosecutes a writ of error.

The only ground urged for reversal is that as the machine of plaintiff was repaired, evidence of estimates of the cost of making such repairs was not admissible, but the recovery must be based on evidence of the cost of making such repairs.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error.

CLARENCE W. SHAEFFER and MICHAEL L. ROSINIA, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 3*—*when testimony as to costs of repairs made necessary by a collision admissible.* In an action to recover damages to plaintiff's touring car caused by a collision with defendant's auto truck, where it appeared that plaintiff's machine was out of repair when the collision occurred and he had the repairs made thereon which were made necessary by such condition as well as those made necessary by injuries resulting from the collision, *held* that the testimony of the manager of the concern that made the repairs as to the expense of such as were made necessary by the collision could not be regarded as an estimate of the cost of such repairs before they were made, so as to render such testimony inadmissible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.